UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MIGUEL DIAZ,

                Plaintiff,

-against-

WILLIAM GRADY, Dutchess County District Attorney Office,

                Defendant.

20-CV-0645 (CS)

ORDER TO AMEND

---

CATHY SEIBEL, United States District Judge:

Plaintiff, currently incarcerated at Attica Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendant, the District Attorney ("DA") of Dutchess County, violated his rights. By order dated February 18, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court grants Plaintiff sixty days from the date of this order to file an amended complaint.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are taken from the complaint: on an unspecified date, Defendant William Grady, the Dutchess County DA, "tr[i]ed to obtain [Plaintiff's] finger prints for a B/S E-felony," but Plaintiff refused to provide his prints. (ECF No. 2 at 4.) Grady, who was unable to

obtain the prints from a "force order[,] . . . became upset and charged [Plaintiff] with obstruction of government justice." (*Id.*) Grady then put in a force order . . . when they shipped [Plaintiff] to Dutchess County Court on 12/13/19." (*Id.*)

On December 18, 2019, correctional staff did not produce Plaintiff to appear on the obstruction charge. And in January 2020, the DA's Office "didn't put the order of force in 'again,' which shows the [malicious] intent in putting these charges in on me the first time they did it!" (*Id.*)

Plaintiff argues that the "fake obstruction charge was falsely drawn up in a[n] attempt to obtain [his] prints [and] put the B/S E-felony on [him] at the same time!" Plaintiff also states that in January 2020, the DA's Office "stopped trying" to charge him "on two charges." (*Id.*) He seeks money damages.

On February 26, 2020, Plaintiff filed an affidavit where he states that on January 22, 2020, at the Fishkill Town Court, his lawyer told him "that [he] was tru[]ly there for a[n] offer of a 'violation offer on a different matter' and that the obstruction charge is being dismissed!'" (ECF No. 6.) Plaintiff also states in his affidavit that "any computer justice system" will confirm that the charges were dismissed. (*Id.*)

According to publicly available records from the New York State Department of Corrections (DOCCS), DOCCS received Plaintiff into its custody on July 6, 2018, after his Bronx County conviction for first-degree reckless endangerment and sentence of 3½-7 years' incarceration.

## DISCUSSION

**A. Malicious Prosecution**

Because Plaintiff alleges that Grady charged him with obstruction of justice after Plaintiff refused to be fingerprinted, the Court construes these allegations as asserting a malicious prosecution claim.

The tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Because favorable termination is an element of a malicious prosecution claim, a plaintiff cannot state such a claim if his criminal proceeding is pending. *See Wallace*, 549 U.S. at 394.

Federal law defines the elements of a § 1983 malicious prosecution claim, and a State's tort law serves only as a source of persuasive authority. *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018). Under federal law, "a plaintiff asserting a malicious prosecution claim under § 1983 must . . . show that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence." *Id.* Thus, "where a dismissal in the interest of justice leaves the question of guilt or innocence unanswered, . . . it cannot provide the favorable termination required as the basis for [that] claim." *Thompson v. Clark*, 364 F. Supp. 3d 178, 195 (E.D.N.Y. 2019).

Plaintiff does not allege sufficient facts to state a § 1983 malicious prosecution claim because it does not appear that Grady, or anyone else, ever actually charged Plaintiff with

4

obstruction of justice or that a proceeding on those charges ever commenced. Put simply, it is not clear from the complaint or the affidavit what transpired between Plaintiff and Grady. Nor is it clear, if an obstruction charge was brought, on what grounds it was dismissed, and whether they were indicative of innocence. Nor is it clear that any such charge would have lacked probable cause.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend the complaint to state, if he can, facts showing that Grady charged Plaintiff with obstruction of justice, that Plaintiff was prosecuted on that charge, that Grady lacked probable cause, and that the charge was dismissed on grounds indicative of innocence.

**B.      Prosecutorial Immunity**

Plaintiff names Grady as the sole defendant, but it may be that Grady cannot be held liable. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff claims that Grady requested his fingerprints and then charged him – or threatened to charge him – with obstruction of justice when Plaintiff refused to provide them. Because Grady's decision to charge Plaintiff is intimately associated with the judicial phase of the criminal process, Grady may not be held liable for this conduct. *See Kalina v. Fletcher*, 522

5

U.S. 118, 129 (1997) (noting that a prosecutor's "activities in connection with the preparation and filing of . . . charging documents—the information and the motion for an arrest warrant—are protected by absolute immunity"). Grady may be held liable, however, if he was acting in an investigative role or provided any factual statements in support of Plaintiff's arrest. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (prosecutor immune for preparation of initiation of judicial proceeding and actions in court, but not for advising police during investigation or acting as complaining witness).

It appears that Plaintiff is complaining of conduct for which Grady would be absolutely immune, but it is unclear. Thus, the Court also grants Plaintiff leave to assert more facts regarding Grady's personal involvement in the events surrounding the alleged obstruction of justice charges – in other words, Plaintiff should specify exactly what Grady did. If individuals other than Grady participated in these alleged events, Plaintiff should also name these individuals in the caption of the complaint and state facts showing their personal involvement.

## LEAVE TO AMEND

Because Plaintiff may be able to allege additional facts to state a valid malicious prosecution claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claim.

First, Plaintiff must name as the defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

6

does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated;

---

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

7

when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-0645 (CS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: 3/5/20
White Plains, New York

_____
CATHY SEIBEL
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED COMPLAINT**
under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes ☐ No
(check one)

___ Civ. _____ ( )

I. **Parties in this complaint:**

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's    Name_____
            ID#_____
            Current Institution_____
            Address_____
            _____

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____ Shield #_____
                  Where Currently Employed _____
                  Address _____
                  _____

| Defendant No. 2 | Name _____ Shield #_____ |
|---|---|
| | Where Currently Employed _____ |
| | Address _____ |
| | _____ |

| Defendant No. 3 | Name _____ Shield #_____ |
|---|---|
| | Where Currently Employed _____ |
| | Address _____ |
| | _____ |

> Who did what?

| Defendant No. 4 | Name _____ Shield #_____ |
|---|---|
| | Where Currently Employed _____ |
| | Address _____ |
| | _____ |

| Defendant No. 5 | Name _____ Shield #_____ |
|---|---|
| | Where Currently Employed _____ |
| | Address _____ |
| | _____ |

## II. Statement of Claim:

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur?

_____

_____

B. Where in the institution did the events giving rise to your claim(s) occur?

_____

C. What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D. Facts:_____

_____

_____

> What happened to you?

|Was anyone else involved?|

|Who else saw what happened?|

### III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

### IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____ No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____ No _____ Do Not Know _____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____ No _____ Do Not Know _____

If YES, which claim(s)?

_____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____ No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____ No _____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____

1. Which claim(s) in this complaint did you grieve?

_____

_____

2. What was the result, if any?

_____

_____

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.

_____

_____

_____

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

_____

_____

_____
_____
_____

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____

**VI.** **Previous lawsuits:**

On these claims

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3. Docket or Index number _____
_____ 4. Name of Judge assigned to your case _____
         5. Approximate date of filing lawsuit _____
         6. Is the case still pending? Yes _____ No _____
            If NO, give the approximate date of disposition_____
         7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
_____
_____

On other claims

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____ No _____

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3. Docket or Index number _____
_____ 4. Name of Judge assigned to your case _____
         5. Approximate date of filing lawsuit _____

6. Is the case still pending? Yes ____ No ____
   If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
   _____
   _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                                Signature of Plaintiff   _____

                                Inmate Number   _____

                                Institution Address   _____
                                                      _____
                                                        _____

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this ____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                                Signature of Plaintiff:   _____