UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
MIGUEL DIAZ,

                              Plaintiff,

   - against -

WILLIAM GRADY, Dutchess County District
Attorney,

                              Defendant.
---------------------------------------------------------------x

**SECOND ORDER TO AMEND**

No. 20-CV-645 (CS)

Seibel, J.

      Plaintiff, currently incarcerated at the Southport Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendant violated his rights when charging Plaintiff with obstruction of justice. By order dated February 18, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] (Doc. 5.) On March 9, the Court ordered Plaintiff to file an amended complaint, (Doc. 8), which Plaintiff timely filed on April 2, (Doc. 10). For the reasons set forth below, the Court grants Plaintiff sixty-two days from the date of this Order – that is, November 30, 2020 – to file a second amended complaint.

**I.    STANDARD OF REVIEW**

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in.forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. l2(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*per curiam*) (internal quotation marks omitted). But the "special solicitude" in prose cases, *id.* at 475, has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* at 678. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

## II. BACKGROUND

The following facts are taken from the Amended Complaint. On an unspecified date in or around December 2019, Defendant William Grady, the Dutchess County District Attorney, "filed an obstruction of governmental justice charge" against Plaintiff. (Doc. 10 at 2.) Grady then "[p]ut a force order in with DOCCS, only to have [Plaintiff] brought to court, and dismiss the charge." (*Id.*) Plaintiff alleges that Grady "never had any reason" to charge Plaintiff with obstruction and that Grady did it only "to offer [Plaintiff] a violation on a diff[e]rent matter." (*Id.* at 3.)

On February 26, 2020, Plaintiff filed an affidavit in which he states that on January 22, 2020, at the Fishkill Town Court, his lawyer told him "that [he] was tru[]ly there for a[n] offer of a 'violation offer on a different matter' and that the obstruction charge is being dismissed!'" (Doc. 6.) Plaintiff also states in his affidavit that "any justice computer system" will confirm that the charges were dismissed. (*Id.*)

According to publicly available records from the New York State Department of Corrections (DOCCS), DOCCS received Plaintiff into its custody on July 6, 2018, after he was convicted in Bronx County for first-degree reckless endangerment and sentenced to three-and-a-half-to-seven-years' incarceration.

## III. DISCUSSION

### A. Malicious Prosecution

Plaintiff describes his claim as one for malicious prosecution, and given that he alleges that Grady charged him with obstruction of justice for no reason or for reasons related to a different violation, the Court construes his claim as such. (*See* Doc. 10 at 3.) The tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by

3

wrongful institution of legal process." *Wallace v. Karo*, 549 U.S. 384, 389-90 (2007) (emphasis omitted). To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Because favorable termination is an element of a malicious prosecution claim, a plaintiff cannot state such a claim if his criminal proceeding is pending. *See Wallace*, 549 U.S. at 393-94.

Federal law defines the elements of a § 1983 malicious prosecution claim, and a State's tort law serves only as a source of persuasive authority. *Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018). Under federal law, "a plaintiff asserting a malicious prosecution claim under § 1983 must . . . show that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence." *Id.* at 22. Thus, "[w]here a dismissal in the interest of justice leaves the question of guilt or innocence unanswered, it cannot provide the favorable termination required as the basis for that claim." *Thompson v. Clark*, 364 F. Supp. 3d 178, 195 (E.D.N.Y. 2019) (internal quotation marks and alterations omitted).

In my first Order to Amend, I explained that Plaintiff had not alleged sufficient facts to state a § 1983 malicious prosecution claim because it was not clear whether Plaintiff was ever charged with obstruction of justice or that a proceeding on those charges ever commenced, and it was not clear that any such charge would have lacked probable cause. (Doc. 8 at 4-5.) Additionally, it was not clear from the Complaint on what grounds an obstruction charge was dismissed (if one was ever brought), and whether they were indicative of innocence. (*Id.*) Plaintiff's Amended Complaint contains even less detail than his first one. In it, Plaintiff alleges

that he was charged with obstruction without "any reason" – which, given Plaintiff's *pro se* status, the Court will construe as an allegation that Grady lacked probable cause – and that those charges were dismissed, but Plaintiff still has not alleged facts showing that the charges were dismissed on grounds that were indicative of innocence. Put simply, it is still not clear from the Amended Complaint what transpired between Plaintiff and Grady.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend to state, if he can, facts (not just conclusions) showing that Grady charged Plaintiff with obstruction of justice, that Plaintiff was prosecuted on that charge, that Grady lacked probable cause and acted with malice, and that the charge was dismissed on grounds indicative of innocence.

### B. Prosecutorial Immunity

Plaintiff names Grady as the sole defendant, but it may be that Grady cannot be held liable. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of N.Y.*, 727 F.3d 167, 171 (2d Cir. 2013) (internal quotation marks omitted); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (internal quotation marks omitted). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff alleges that Grady's reason for charging Plaintiff with obstruction of justice was related to a different, unspecified violation. (*See* Doc. 10 at 3.) Because Grady's decision to charge Plaintiff is intimately associated with the judicial phase of the criminal

5

process, Grady may not be held liable for this conduct.  *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (noting that a prosecutor's activities in connection with the preparation and filing of charging documents – the information and the motion for an arrest warrant – are protected by absolute immunity).  Grady may be held liable, however, if he was acting in an investigative role or provided any factual statements in support of Plaintiff's arrest.  *See Van de Kamp*, 555 U.S. at 343 (prosecutor immune for preparation of initiation of judicial proceeding and actions in court, but not for advising police during investigation or acting as complaining witness).

In my first Order to Amend, I explained that it was unclear whether Plaintiff is complaining of conduct for which Grady would be absolutely immune, and I granted Plaintiff leave to amend to assert more facts regarding what Grady did – particularly regarding Grady's personal involvement in the events surrounding the alleged obstruction of justice charges.  (Doc. 8 at 6.)  In his Amended Complaint, Plaintiff has done the opposite and has asserted fewer facts. (Nor did he name any individuals other than Grady who participated in these alleged events, nor state facts showing their personal involvement.)

Considering Plaintiff's *pro se* status, the Court once again grants Plaintiff leave to amend to assert more facts regarding Grady's personal involvement in the events surrounding the alleged obstruction of justice charges – in other words, Plaintiff should specify exactly what happened and what Grady did.  If individuals other than Grady participated in these alleged events, Plaintiff should also name these individuals in the caption of the complaint and state facts showing their personal involvement.

6

## IV.  LEAVE TO AMEND

Because Plaintiff may be able to allege additional facts to state a malicious prosecution claim, the Court grants Plaintiff sixty-two-days' leave to file a second amended complaint to detail his claim.

First, Plaintiff must name as the defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights.  If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the second amended complaint.[3]  The naming of John Doe defendants, however, does not toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.  Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the second amended

---

[2] The caption is located on the front page of the complaint.  Each individual defendant must be named in the caption.  Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption.  If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the second amended complaint.  Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

7

complaint.  Plaintiff is also directed to provide the addresses for any named defendants.  To the greatest extent possible, Plaintiff's second amended complaint must:

    (a) give the names and titles of all relevant persons;

    (b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

    (c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

    (d) give the location where each relevant event occurred;

    (e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

    (f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's second amended complaint must tell the Court the following:  who violated Plaintiff's federally protected rights; what facts show that Plaintiff's federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief.  Because Plaintiff's second amended complaint will completely replace, not supplement, the Amended Complaint, any facts or claims that Plaintiff wishes to maintain must be included in the second amended complaint.

The Court has already explained these concepts to Plaintiff and allows another opportunity to amend in an excess of caution.  Any second amended complaint that does not state sufficient facts to render a malicious prosecution claim plausible, or that does not plausibly allege conduct for which Grady is not immune, may be dismissed without further notice for failure to state a claim.  *See Wilson v. Ponte*, No. 17-CV-0317, 2017 WL 8780767, at *2

8

(S.D.N.Y. Dec. 6, 2017) (second amended complaint dismissed that still did not provide sufficient facts to support a plausible § 1983 claim).[4]

## V.   CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and note service on the docket.  Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above.  Plaintiff must submit the second amended complaint to this Court's *Pro Se* Intake Unit within sixty-two days of the date of this order (by November 30, 2020), caption the document as a "Second Amended Complaint," and label the document with docket number 20-CV-645 (CS).  An Amended Civil Rights Complaint form is attached to this order.  No summons will issue at this time.  If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff is advised that if he files a second amended complaint without the additional facts requested by this Order, his second amended complaint may be dismissed for failure to state a claim.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: September 29, 2020
      White Plains, New York

                                                     *Cathy Seibel*
                                        CATHY SEIBEL, U.S.D.J.

---

[4] The Court will send Plaintiff copies of all unreported cases cited in this Order.

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes      ☐ No
              (check one)

____ Civ. _____ (    )

I.   **Parties in this complaint:**

A.   List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's   Name_____
              ID#_____
              Current Institution_____
              Address_____

B.   List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____

| | Defendant No. 2 | Name _____ Shield #_____ |
| --- | --- | --- |
| | | Where Currently Employed _____ |
| | | Address _____ |
| | | _____ |

| | Defendant No. 3 | Name _____ Shield #_____ |
| --- | --- | --- |
| | | Where Currently Employed _____ |
| | | Address _____ |
| | | _____ |

**Who did what?**

| | Defendant No. 4 | Name _____ Shield #_____ |
| --- | --- | --- |
| | | Where Currently Employed _____ |
| | | Address _____ |
| | | _____ |

| | Defendant No. 5 | Name _____ Shield #_____ |
| --- | --- | --- |
| | | Where Currently Employed _____ |
| | | Address _____ |
| | | _____ |

II.   **Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.   Where in the institution did the events giving rise to your claim(s) occur?

_____

C.   What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.   Facts:_____

**What happened to you?**

_____

_____

___

___

___

___

___

___

___

___

___

___

___

**Was anyone else involved?**

___

___

___

___

**Who else saw what happened?**

### III.  Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

___

___

___

___

___

___

___

### IV.  Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____  No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____   No _____   Do Not Know _____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____   No _____   Do Not Know _____

If YES, which claim(s)?
_____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____   No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____   No _____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_____

1. Which claim(s) in this complaint did you grieve?
_____
_____

2. What was the result, if any?
_____
_____

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.
_____
_____
_____

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:
_____
_____

*Rev. 01/2010*                                          4

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V. Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount).

_____
_____
_____

**VI.     Previous lawsuits:**

On these claims

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No _____

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

   1.   Parties to the previous lawsuit:

   Plaintiff _____
   Defendants _____

   2. Court (if federal court, name the district; if state court, name the county) _____
   _____

   3.   Docket or Index number _____
   4.   Name of Judge assigned to your case _____
   5.   Approximate date of filing lawsuit _____
   6.   Is the case still pending?  Yes _____  No _____
        If NO, give the approximate date of disposition _____
   7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
   _____
   _____

On other claims

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes _____  No _____

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

   1.   Parties to the previous lawsuit:

   Plaintiff _____
   Defendants _____

   2.   Court (if federal court, name the district; if state court, name the county) _____
   _____

   3.   Docket or Index number _____
   4.   Name of Judge assigned to your case _____
   5.   Approximate date of filing lawsuit _____

*Rev. 01/2010*                                     6

6.  Is the case still pending? Yes _____ No _____
    If NO, give the approximate date of disposition_____

7.  What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
    _____
    _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20___.

                Signature of Plaintiff  _____
                Inmate Number          _____
                Institution Address    _____
                                              _____
                                              _____

Note:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                Signature of Plaintiff: _____