UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL DIAZ,

                Plaintiff,

      -against-

WILLIAM GRADY, Dutchess County
District Attorney Office,

                Defendant.

20-CV-645 (CS)

ORDER

CATHY SEIBEL, United States District Judge:

      Plaintiff, who is currently incarcerated at Southport Correctional Facility, filed this action *pro se*. Along with his complaint, he filed an application to proceed *in forma pauperis* (IFP) and a signed prisoner authorization. By order dated February 18, 2020, then-Chief Judge McMahon granted Plaintiff's IFP application, noting that "[p]risoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*." (ECF 5, at 1) (citing 28 U.S.C. § 1915(b)(1)). On December 7, 2020, after Plaintiff failed to file a second amended complaint, the Court dismissed the action for failure to state a claim. (ECF 13.)

      The Court is now in receipt of a letter from Plaintiff requesting a refund of the $350.00 filing fee. (ECF 14.) He argues that because he believes he is barred under 28 U.S.C. § 1915(g) from filing federal civil actions IFP, his IFP application never should have been granted. He lists the actions that he argues qualify as "strikes" under § 1915(g), that is, actions that he filed while a prisoner that were dismissed for failure to state a claim, or as frivolous or malicious: *Diaz v. Henley*, No. 19-CV-1611 (N.D.N.Y. Apr. 13, 2020) (dismissed for failure to state a claim), and

*Diaz v. Fox*, No. 19-CV-6906 (W.D.N.Y. June 1, 2020) (same).[1] The Court denies Plaintiff's request.

## DISCUSSION

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal [IFP] [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see Bruce v. Samuels*, 136 S. Ct. 627, 630 (2016) (Congress amended the IFP statute to require "prisoners to pay filing fees for the suits or appeals they launch."). Prisoners granted IFP status are permitted to proceed without prepaying the entire $350 filing fee at the time of filing the complaint; instead the fee is deducted from the prisoner's account in increments, as set forth in § 1915(b)(1). *See Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010) (describing PLRA's installment payment plan); *see also Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010) ("Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts."), *report and recommendation adopted*, 2010 WL 5222126 (S.D.N.Y. Dec. 21, 2010).

If a prisoner seeks to withdraw an action, after a district court has dismissed the matter, the prisoner is not entitled to a refund of the filing fee. *See Goins v. Decaro*, 241 F.3d 260, 260 (2d Cir. 2001) (holding that appellant prisoner seeking refund of filing fee after withdrawing the appeal is not entitled to "the return of partial fee payments and the cancellation of remaining fee obligations [because both] are inconsistent with Congress's objectives in enacting the PLRA");

---

[1] Another action from this district that Plaintiff alleges qualifies as a strike, *State of New York v. Wheeler*, ECF 1:20-CV-0419, 12 (S.D.N.Y. Feb. 14, 2020), is not one of Plaintiff's cases. He also suggests that this action (No. 20-CV-0645) may qualify as a strike. But "[d]ismissals that post-date the filing of the action in question may not counts as 'strikes' under § 1915(g)." *Zaire v. Welch*, No. 03-CV-0629, 2008 WL 934426, *4 (S.D.N.Y. Mar. 31, 2008).

*see also Anderson v. Colosi*, No. 20-CV-2021, WL 964210, *1 (N.D.N.Y. Mar. 15, 2021) (denying request for refund of the filing fee after Plaintiff moved to withdraw action, and noting that "Plaintiff is statutorily required to pay the filing fee from his Inmate Account regardless of the outcome of his lawsuit").

When a prisoner files a signed prisoner authorization, he acknowledges that he must pay the full filing fee. *See, e.g.*, *Huffman v. Benson*, 2006 WL 625844, *2 (W.D.N.Y. Mar. 9, 2006) (denying request for reimbursement of partially paid fee, "find[ing] that it is more reasonable to conclude that Plaintiff was aware of the requirements of filing a case IFP and was aware of the consequences of submitting an authorization pursuant to § 1915(b)") (internal quotations marks omitted)).

Here, Plaintiff submitted a prisoner authorization, agreeing to pay the full filing fee for this action, regardless of the outcome.  (Doc. 3.)  Whether Plaintiff was barred under § 1915(g) at the time he filed this action is irrelevant.[2] Plaintiff's request for a refund is therefore denied.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court denies Plaintiff's request for a refund of the filing fee.

---

[2] If a district court does determine that a prisoner is barred under § 1915(g) from filing an IFP complaint, the litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 22, 2021
        White Plains, New York

                                            CATHY SEIBEL
                                         United States District Judge